IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES OLDFIELD,

    Plaintiff,

    v.                                           CIV. No. 10-558 WDS/ACT

CLARENCE G. DAVIS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Plaintiff James Oldfield's Motion to Compel [Doc. 33]. The Court, having reviewed the Motion, Defendants' Response (which included Defendants' request for a Protective Order) [Doc. 34], and Plaintiff's Reply [Doc. 45], as well as the relevant law, will grant the Motion in part.

I. Motion to Compel

Plaintiff seeks to compel responses to Interrogatories 3, 5, 7, 11, 12, 21, and 23. It is not clear which, if any, Request for Production are contested because until the concluding paragraph of the Motion to Compel, Plaintiff's arguments relate entirely to Defendants' Answers to Interrogatories. The contested interrogatories, and the answers from each defendant, are set forth below.

> Interrogatory # 3. In regard to any investigation of the matters in this litigation: prior to service of the Complaint on you, if an investigation of the incident alleged in the Complaint was made by you, your attorney, or any other person on your behalf, including agents, servants or employees of your insurer, please identify below, sufficient for a subpoena or request to produce, any documents, memoranda, emails, notices, handwritten or transcribed notes, photographs, video

1

recordings, including surveillance photographs, tapes or recordings, drawings, charts, maps, spreadsheets, government documents or records, or other such materials made or referenced by any person during the investigation of this matter. It you do not have custody of or are unable to obtain access to the above documents or items please identify the person who has custody in a manner sufficient to satisfy a subpoena or request to produce, or explain why access is unavailable to you.

> Answer by Defendant Ronnie Watkins. The investigation completed by agents of the Middle Rio Grande Valley Task Force was memorialized under Bernalillo County Sheriff's Department (BCSO) case number 08-623770. Any evidence collected would be tagged under this case number at the APD Metro Evidence Unit. Photographs taken would be tagged under the same case number at the BCSO Criminalistics Unit located at the Sibrava Substation. I did not complete any reports pertaining to this case. I approved reports concerning this case in the capacity of acting supervisor.

> Answer by Defendant Clarence Davis. All reports are located in the records division of the Albuquerque Police Department.

> Answer by Defendant Frank Chavez. All reports are located in the records division of the Albuquerque Police Department.

Interrogatory # 5. If there is any insurer who has issued an insurance policy to you or any other person or entity that purports or is believed to cover or protect you from a claim of liability in this matter, please state the name, address and telephone number of the insurer, the type of policy (home, auto, etc.), the date of coverage and the amount of coverage provided by the policy.

> Answer by Defendant Ronnie Watkins. Insurance provided through the New Mexico Self Insurers Fund (Municipal League).

> Answer by Defendant Clarence Davis. New Mexico Self Insurers Fund (Municipal League) is the insurer.

> Answer by Defendant Frank Chavez. New Mexico Self Insurers Fund (Municipal League) is the insurer.

Interrogatory # 7. Describe any action taken by you to avoid the harm alleged by the opposing party in this matter or any actions by you that may have caused or contributed to the harm, and state the names, addresses and telephone numbers of any person or entity whose action you believe contributed to the harm claimed herein, describe any defect or condition in any premises of instrumentality that

may have caused or contributed to the harm claimed herein, and describe any action or failure to ct of any person or entity that you believe could have been done to avoid or prevent the harm alleged.

> Answer by Defendant Ronnie Watkins. Plaintiff was believed to have been involved in an active kidnapping and armed with an explosive device.  Plaintiff had the legal obligation to stop his vehicle in response to the presence of a fully marked Bernalillo County Sheriff's Department vehicle with it emergency equipment engaged and directing the Plaintiff to do so.  Instead the Plaintiff chose to flee law enforcement driving in a reckless manner with willful and wanton disregard for life or property.  The Plaintiff took this action at a time of day when vehicle and pedestrian traffic were high, thus creating a deadly situation for both officers and other citizens.  It is my belief that Plaintiff was injured during the disabling of his motor vehicle when it was struck by the pickup operated by Task Force Agent Frank Chavez.  I believe this action was appropriate and necessary to stop the action of the Plaintiff before someone was killed or seriously injured.
>
> Answer by Defendant Clarence Davis.  Mr. Oldfield was a dangerous fleeing felon disregarding multiple laws of the State of New Mexico.
>
> Answer by Defendant Frank Chavez. Mr. Oldfield could have complied with all lawful orders.

Interrogatory # 11.  Please state the name, police department, badge number and rank of each and every police officer who responded to the scene where the Plaintiff was stopped by agents of the Middle Rio Grand Task Force on April 24, 2008, alleged in the Complaint.

> Answer by Defendant Ronnie Watkins.  Agents and officers. ID#s (sic) are provided if known.  APD and BCSO address is 400 Roma NW Albuquerque, NM 87102. [Mr. Watkins' answer lists the names and ID numbers of agents, detectives and officers known to Mr. Watkins at the time. [*See* Doc. 34 at p. 2.]
>
> Answer by Defendant Clarence Davis.  See police reports.
>
> Answer by Defendant Frank Chavez. Please see police reports.

Interrogatory #12.  Please state the name, business address, telephone number and employer of each and every emergency medical technician who responded to the scene where the Plaintiff was stopped by agents of the Middle Rio Grande Task Force on April 24, 2008, as alleged in the Complaint.

>Answer by Defendant Ronnie Watkins. Information not known to me.
>
>Answer by Defendant Clarence Davis. This information is available through the Albuquerque Fire Department.
>
>Answer by Defendant Frank Chavez. This information is available through the Albuquerque Fire Department.

Interrogatory No. 21.  Were there any police dispatch recordings or recordings of conversations over your radio equipment made during the incident that is the subject of this lawsuit? If so, identify each recording in sufficient detail for a request to produce or subpoena.

>Answer by Defendant Ronnie Watkins. Any recording(s) be they on BCSO or APD radio channels would be available by contacting the respective agencies communications division.  For the area where the arrest was made, the APD channel would most likely be (at that time) Westside.  For BCSO it would [be] their South or West channel.  I do not possess nor have access to those recordings and they would need to be requested by Plaintiff's counsel via established procedures.
>
>Answer by Defendant Clarence Davis. BCSO should have material responsive to this interrogatory.
>
>Answer by Defendant Frank Chavez. BCSO should have material responsive to this interrogatory.

Interrogatory No. 23.  Have you been the subject of any disciplinary action in relation to your activities as a police officer for any police department or law enforcement agency prior to or after the incident that is the subject of this lawsuit?  If so, please state the nature of the charges or claims leading to the action, the date of any such disciplinary action, the name and address of the police department or agency, provide a summary of the event leading to the charges, and state the outcome of the proceedings.

>Answer by Defendant Ronnie Watkins. Objection.  This interrogatory is not calculated to lead to the discovery of admissible evidence.  In addition, ir is not relevant to any of the claims in this lawsuit.
>
>Answer by Defendant Clarence Davis. Objection.  This interrogatory is not calculated to lead to the discovery of admissible evidence.  In addition, ir is not relevant to any of the claims in this lawsuit.

>> Answer by Defendant Frank Chavez. Objection.  This
>> interrogatory is not calculated to lead to the discovery of
>> admissible evidence.  In addition, it is not relevant to any of the
>> claims in this lawsuit.

> A. <u>Plaintiff did not make a good faith attempt to resolve this discovery dispute prior to filing the Motion to Compel.</u>

Although Plaintiff's counsel asserts in his Motion to Compel that he "made a good faith effort to resolve this issue prior to filing this motion" [Doc. 33 at p. 9], Plaintiff's counsel is simply reciting the required "good faith request" as mandated in D.N.M.LR-Civ. 7.1(a) rather than demonstrating compliance.[1]  A chronological review of the discovery and correspondence between counsel is illustrative.

1. On August 25, 2010, Defendants sent their Fed.R.Civ.P. 26 disclosures to Plaintiff, and also attached materials in their possession which related to the incident which is the basis for this lawsuit. [Doc. 34, Ex. A.] Defendants also advised Plaintiff that the applicable insurance policy was available for inspection. [*Id.* at p. 6.]

2. Plaintiff propounded his First Set of Interrogatories and Requests for Production to each Defendant separately on October 18, 2010. [Doc. 33, first attached exhibit[2].]

3. Defendants requested, and Plaintiff's counsel approved, two extensions of time in which to answer the discovery requests. The discovery responses were due on December 11, 2010. [Doc. 34, Ex. D.] Defendants timely submitted their responses on December 10, 2010. [*See* Doc. 27, 28, 29.]

---

[1] Mr. Montoya refers the Court to his Exhibit 2 as his correspondence dated December 21, 2010 which purports to support his assertion of his good faith effort to resolve the dispute prior to filing the Motion to Compel. [Doc. 33 at p. 9.]  However, Plaintiff's second attached exhibit, which is unmarked, is a copy of Defendants' counsel's letter to him dated December 20, 2010.

[2] Plaintiff's exhibits are not marked or labeled.

     4. On December 20, 2010 counsel for Plaintiff sent a facsimile to counsel for Defendants and stated the he had "reviewed the discovery responses by the named defendants and they are wholly insufficient and need to be supplemented within 10 days or we will file a motion to compel." [Doc. 34, Ex. E at p.1.]

     5. Counsel for Defendants responded by email on December 21, 2010[3] and asked Plaintiff's counsel to specify what was insufficient with respect to the discovery responses. [Doc. 34, Ex. E at p.2.]

     6. On December 21, 2010, counsel for Plaintiff responded by letter to Defendants' request for clarification as to what was insufficient with respect to the discovery responses. [Doc. 34, Ex. E at p. 3.][4]  Plaintiff argued only generally that the Defendants' answers were non-responsive, incomplete and evasive, that Defendants did not make a good faith effort to provide Plaintiff with documents within their control, and that any objections were waived because Defendants did not respond until after the discovery deadline. [Doc. 34, Ex. E.]

     7. Defendants responded by letter on December 29, 2010, and addressed their answers to each interrogatory response. [Doc. 33, second attached exhibit.] Defendants' counsel pointed out that much of the information sought by the Plaintiff had already been provided in Defendants' Rule 26 disclosures and Defendants' portion of the Joint Status Report. [Doc. 33, second attached exhibit at p. 2, referring to Doc. 34, Ex. A.] Defendants' counsel also clarified that they do not represent the Albuquerque Police Department, the Bernalillo County Sheriff's Department nor the Albuquerque Fire Department (nor are these agencies defendants in this

---

[3]The fax came into Defendants' counsel's office at 5:45 on December 20, 2010.

[4]Interestingly, this letter appears to essentially repeat verbatim the contents of the body of Plaintiff's Motion to Compel. [*Compare* Doc. 34, Ex. E at p. 3 with Doc. 33.]

lawsuit) and that any records which are held by these entities are equally available to both sides of the lawsuit. However, Defendants' counsel offered that if Plaintiff did not have the documents, to let them know and they would make a copy for Plaintiff of whatever documents were in their possession. [*Id.*] With regard to the insurance policy, Defendants offered to make a copy of the declarations page from the relevant policy period, which had already previously been made available for inspection. [Doc. 34, Ex. B at p. 6.] Finally, with regard to Interrogatory #23, Defendants' counsel noted that they had timely objected to the interrogatory and thus their objection was not waived, and in any case, because the Defendants' employer was not sued, any evidence of prior discipline is irrelevant on the issue of whether each Defendant acted reasonably in this case.

8. On the following day, December 30, 2010, Plaintiff filed the Motion to Compel. [Doc. 33.][5]

9. Counsel for Plaintiff failed to comply with two rules of civil procedure in connection with his Motion to Compel. [Doc. 33.]. First, Plaintiff's counsel attached a copy of Defendants' responses to *all the discovery requests*, not just the discovery responses that are the subject of his Motion to Compel.[6] The Court does not need, nor do the Local Civil Rules require that all

---

[5]The first page of the Motion to Compel refers to "Defendants Officer Matthew Fisher and Albuquerque Police Department." However, neither Officer Fisher nor the Albuquerque Police Department are parties to this lawsuit.

[6]In addition, the Court is constrained to comment on the size of the font of the attached answers to Plaintiff's discovery requests. The print appears to have been reduced so as to condense 128 pages of discovery responses to a 32 page attachment, resulting is an exhibit with print so small, it is almost impossible to read. Although it may be easier for Plaintiff to reduce, copy and attach the *entire set of discovery responses* rather attach only the disputed discovery responses, (which may require re-typing them) Plaintiff apparently misses the point of the requirement. The Court does not need to see all discovery responses, only those that are the subject of the Motion to Compel.

discovery requests and responses be filed with the Court. The Local Civil Rules require only that the party seeking relief attach a copy of the disputed discovery request and the response and objection thereto.  *See* D.N.M.LR-Civ. 37.1.

10.  Second, Plaintiff did not confer in good faith with defense counsel prior to filing the Motion to Compel after receiving Defendants' response to his initial email expressing his concern that the responses were insufficient in spite of Defendants offer to produce what they had in their files received from non-parties. D.N.M.LR-7.1(a). [Doc. 33 at unmarked Ex. 2.]

The Court is concerned about Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of New Mexico.  The Court could deny Plaintiff's Motion to Compel on this ground alone.  However, the Court will review the merits of the Motion to Compel and warn Plaintiff that any future failures to comply with the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure will result in sanctions which could include a recommendation that Plaintiff's complaint be dismissed.

    B.   <u>Defendants' answers to Plaintiff's discovery requests</u>.

Plaintiff does not identify which Requests for Production are contested. Defendants argue that "it appears that the material sought in the production requests have either already been provided, have been offered, or do not exist to the best of Defendants' knowledge." [Doc. 34 at p. 7.]

Fed.R.Civ.P. 34(a), which governs the production of documents, states that a party may be allowed to (among other things) inspect and copy documents or other writings which are "in the responding party's possession, custody, or control." Rule 34(a)(1).  "For purposes of Fed.R.Civ. 34, documents "are deemed to be within the possession, custody or control of a party. . . if the party has actual possession, custody or control of the materials or has the legal right to

obtain the documents on demand." *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D.Colo. 1992).

Defendants state in their Response [Doc. 34], as well as in their letter to Plaintiff's counsel which attempted to resolve the discovery issue prior to the Motion to Compel, that "Plaintiff essentially seeks documents that Defendants provided in August of 2010 or have been forwarded subsequently or offered to Plaintiff when this dispute arose." [Doc. 34 at p. 6.] In addition, Defendants state the following.

> To Defendants knowledge, no other materials exists which would be responsive to these requests, nor are any such materials in their possession, custody, control, and Defendants have no meaningful access to records kept by APD, AFD, or BCSO. Defendants, who were Corrales Police Department officers on loan to the Middle Rio Grande Task Force at the time of this incident, have not been employed in this capacity for some time and have no connection to the [the Albuquerque Police Department, the Bernalillo County Sheriff's Department nor the Albuquerque Fire Department] any more than defense counsel does. (Defense counsel does not represent these agencies.) Thus, Defendants are not in a superior position to Plaintiff in seeking out whatever materials Plaintiff's counsel believes exist, <u>and have no knowledge of any responsive documents which have not already been forwarded</u>. [Referencing Doc. 34, Ex. A (Defendants' Initial Disclosures) and Doc. 34, Ex. I (letter attaching records provided to Defendants by Albuquerque Ambulance.]. . . Because Defendants have no knowledge of any responsive documents that have not been supplied, offered, or forwarded, their discovery answers comply fully with the responsiveness required by the rules. (Emphasis added.)

*Id.* at pp. 6-7. The Court cannot compel the Defendants to produce documents that do not exist or are not in their possession and control. Therefore, there is nothing further to order the Defendants to produce except the declaration page from the relevant insurance policy which Defendants have said they will produce.

The Court will now turn to Defendant's Answers to Interrogatories. Fed.R.Civ.P. 33(b)(3) provides that a party is required to answer each interrogatory "separately and fully" unless there is an objection.

    1.  Interrogatories 3, 5 and 11.

The Court finds that the Defendants' answers to Interrogatories 3, 5 [7], and 11 meet the requirements of the Federal Rules of Civil Procedure. Defendants, individually or collectively, appear to have provided all the information about this incident within their knowledge, custody, control and/or possession. Defendants are reminded of their duty to supplement their initial disclosures and discovery requests pursuant to Fed.R.Civ.P. 26(e). The Court will deny the Plaintiff's Motion to Compel further answers to Interrogatories 3, 5 and 11 and as to any possible requests for production that are included in the Motion to Compel.

    2.  Interrogatories 7, 12 and 21.

Defendants' Answers to Interrogatories 7, 12, and 21 must be properly supplemented as described below.

        a.  Interrogatory #7. The answers of Defendants Watkins, Davis and Chavez to Interrogatory #7 are not responsive. The Interrogatory asks what "action taken by you ..." and each Defendant answered by stating what Plaintiff did. All Defendants will supplement their answer to Interrogatory #7.

        b.  Interrogatory # 12. Defendants Davis and Chavez answered this Interrogatory by referring Plaintiff to the AFD but did not state whether they have this information. Defendants Davis and Chavez will supplement their answer to Interrogatory # 12.

        c.  Interrogatory # 21. The answers of Defendants Watkins, Davis and Chavez to Interrogatory #21 are not responsive. The Interrogatory asks whether there were "recordings of

---

[7]The Defendants identified the insurance carrier and the Court will require the Defendants to produce a copy of the relevant declaration page which should have the remainder of the information requested by Plaintiff.

conversations over your radio equipment." Defendants answer by referring Plaintiff to APS and BCSO and in one instance providing information regarding channels. While this information is helpful, it is not responsive. All Defendants will supplement their answer to Interrogatory # 21.

      3. <u>Interrogatory #23</u>.

Defendants' objections to Interrogatory #23 are timely. Plaintiff's counsel's assertion that the objection is untimely is disingenuous. The Plaintiff clearly agreed that Defendants could have until December 11, 2010 to submit their responses. *See* above, at Sec. I., ¶3.

Interrogatory #23 seeks discovery that is not relevant to any of the allegations contained in the Complaint [Doc. 3-1], nor is this information reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Complaint asserts claims only against individually named Defendants. Plaintiff's Complaint does not allege any claim invoking municipal liability, failure to train or negligent supervision under federal or state law. The Court imposed deadline to amend the Complaint has passed. [Doc. 17 at p. 2.] Thus, as the pleadings stand, Plaintiff alleges an excessive force claim in violation of his right under the Fourth and Fourteenth Amendments to the Constitution pursuant to 28 U.S.C. §1983, and a negligence claim under § 41-4-12 of the New Mexico Tort Claims Act. [Doc.3-1.]

The Federal Rules of Civil Procedure provide for broad and liberal discovery. Under Fed. R. Civ. P. 26(b), each party is entitled to obtain discovery that is "relevant to any party's claim or defense." *Id.* Relevant information is broadly defined as information which appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26; *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1518 (10th Cir. 1995). While this language is broad, discovery is not without limits. Amendments to Rule 26 have narrowed the scope and boundaries of discovery. Committee notes to the amendments observe that courts have the

authority to confine discovery, where needed, and these amendments are intended to provide the Court with broader discretion to impose additional restrictions on the scope and extent of discovery.  Committee Notes to 2000 Amendments to Rule 26(b)(1).  Moreover, as previously noted by this Court, "it is clear that a court may disallow a request for information that has no conceivable bearing on the claims or defenses." *Fuller v. The New Piper Aircraft, Inc.*, No. 04-414 RHS/ACT, slip op. at 7 (D.N.M. Oct. 19, 2005);  *Fuller v. The New Piper Aircraft, Inc.*, No. 04-414 RHS/ACT, slip op. at 7 (D.N.M. Oct. 19, 2005); *see also US Airways, Inc. v. Kelly O'Donnell et al.*, No. 07-1235 MCA/LFG, slip op. at 3 (D.N.M. Aug. 12, 2008); *Garrett v. Print PCS*, 2002 WL 181364 at *1 (D.Kan. Jan. 31, 2002).

Plaintiff's Complaint is focused on a single incident which occurred on April 24, 2008. [Doc. 3-1.]  The allegations of the Complaint simply involve the circumstances of a vehicular stop and the actions of the individual Defendants in connection with that stop.

Plaintiff's requests for information regarding disciplinary actions against the individual officers are not relevant to his claims pursuant to 42 U.S.C. § 1983.  Excessive force claims are analyzed under the Fourth Amendment reasonableness standard.  The information sought in Interrogatory #23 is not relevant to whether the Defendants acted reasonably in detaining Plaintiff.  *Terry v. Ohio*, 392 U.S. 1, 21 (1968)(reasonable suspicion that a crime is being committed is supported by "specific and articulable facts [that], taken together with rational inferences from those facts, reasonably warrant the intrusion");  *Graham v. Connor*, 490 U.S. 386, 387 (1989)(reasonableness of particular force must be judged from the perspective of a reasonable officer *at the scene*).  Nor is this requested information relevant to the issue of qualified immunity.  Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see*

*also Pearson v. Callahan,* 555 U.S. 223,  129 S.Ct. 808, 822 (U.S. 2009)(To determine if an officer is entitled to qualified immunity, the court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right and whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.)  Evidence regarding prior disciplinary actions would have no bearing on this analysis.

Likewise, Plaintiff's requests for information regarding disciplinary actions against the individual officers are not relevant to his New Mexico state law negligent claims.  Tort claims brought against governmental agencies in New Mexico are barred unless the Legislature has waived immunity in the New Mexico Tort Claims Act, NMSA 1978 § 41-4-1 et seq.  Section 41-4-12 waives immunity for certain conduct by law enforcement officers. It provides:

> the immunity granted pursuant to [Section 41-4-4(A) ] does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

 A plaintiff must <u>specifically</u> <u>allege</u> one of the enumerated torts listed in the statute to overcome an officer's immunity under Section 41-4-4. *Lessen v. City of Albuquerque*, 144 N.M. 314, 320, 187 P.3d 179, 185 (Ct. App. 2008).  Plaintiff's Complaint fails to specifically allege any of the enumerated torts.  Based on the allegations in the Complaint, the only possible applicable torts in this case are assault and battery.

To prove a claim of assault, a plaintiff must show evidence of "any unlawful act, threat, or menacing conduct which causes [the plaintiff] to reasonably believe that he is in danger of receiving an immediate battery." *Romero v. Sanchez*, 119 NM 690, 693 (N.M. 1995); *accord Baca v. Velez*, 114 N.M. 13, 15 (Ct. App. 1992), *cert denied* 114 N.M. 82 (1992).  To prove his

claim of battery, Plaintiff must demonstrate that Defendants (1) intentionally touched or applied force to him, (2) acted in a rude, insolent, or angry manner, and (3) because Defendants are law enforcement officers, that the conduct was unlawful. UJI 14-320 NMRA 2010; 6 Am. Jur.2d Assault and Battery §§ 146 and 148 (a peace officer is privileged to use such force as reasonably appears necessary to enforce the law, preserve order, and prevent the escape of prisoners.); *see also* 1 AMJUR POF 3d 613.  Plaintiff's tort law claims are not dependent in any way on whether Defendants have been disciplined for any prior law enforcement activities nor is production of this information "reasonably calculated" to lead to the discovery of admissible evidence.

Plaintiff's Motion to Compel answers to Interrogatory #23 will be denied.

II. <u>Defendants' Motion for Protective Order</u>

In their Response, Defendants seek a protective order to prohibiting Plaintiff from asking any questions in the future through any type of discovery which relate to (1) personnel matters; (2) investigations of any kind relating to these Defendants; (3) any complaints, suits or tort claims involving them in any way; and (4) any training inquiries or requests for department standard operating procedures. [Doc. 34 at pp.18-20.]   Defendants state that they "anticipate that Plaintiff's counsel will attempt to ask other questions in a number of other impermissible areas." [Doc. 34 at p. 18.]

Defendants' request is premature.  There is no dispute before the Court regarding these areas of inquiries.  If the Plaintiff does make such inquires Defendants can seek a protective order or file a motion in limine.  The Court cautions Plaintiff to review this Order for guidance as to what areas of inquiry may be relevant.

The Court will deny the Defendants' request for a protective order.

III.  Sanctions

Both parties request sanctions. Plaintiff's request for sanctions will be denied.

Fed.R.Civ.P. 37(a)(5) provides that if a Motion to Compel is denied, the court

> *must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Since the Motion to Compel was not denied in its entirety, the Defendants' request for sanctions will also be denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff James Oldfield's Motion to Compel [Doc. 33] is granted as set forth above. Defendants will supplement their answers to Interrogatories # 7, 12 and 21 and produce a copy of the declaration page of the applicable insurance policy withing twenty (20) days from the entry of this Order.

**IT IS FURTHER ORDERED THAT** Defendants motion for a protective order is denied.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**

15